IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO


**UNITED STATES OF AMERICA,**

       **Plaintiff/Respondent,**

v.                                            No. CV 14-0405 JB/LAM
                                                    CR 13-3724 JB

**ALBERTO PRIETO-MOLINA,**

       **Defendant/Movant.**


# **PROPOSED FINDINGS AND RECOMMENDED DISPOSITION**[1]

**THIS MATTER** is before the Court on Defendant/Movant's (hereinafter "Defendant") Petition for Writ of Habeas Corpus [*Doc. 1*],[2] filed on April 25, 2014, and § 2255 motion [*Doc. 4*], filed on June 6, 2014 (hereinafter, collectively, "§ 2255 motion"). Plaintiff/Respondent (hereinafter "the Government") filed a response on September 5, 2014 [*Doc. 13*]. No reply has been filed and the time for doing so has passed. United States District Judge James O. Browning referred the claims raised in this case to the undersigned for proposed findings and a recommended disposition, and a hearing, if necessary. [*Doc. 2*]. Having considered the § 2255 motion, response, relevant law, and the record in this case and in Defendant's underlying criminal case contained in Case No. CR-13-3724, the undersigned recommends, for the reasons set forth below,

---

[1] **Within fourteen (14) days after a party is served with a copy of these proposed findings and recommended disposition, that party may, pursuant to 28 U.S.C. § 636(b)(1), file written objections to such proposed findings and recommended disposition. A party must file any objections with the clerk of the United States District Court for the District of New Mexico within the fourteen (14) day period allowed if that party wants to have appellate review of the proposed findings and recommended disposition. If no objections are filed, no appellate review will be allowed. Pursuant to Fed. R. Civ. P. 72(b)(2), a party may respond to another party's objections within fourteen (14) days after being served with a copy of the objections.**

[2] Unless otherwise noted, all referenced documents are from Case No. CIV-14-0405.

that the claims raised in Defendant's § 2255 motion [*Docs. 1* and *4*] be **DENIED**, and Case No. CIV-14-0405 be **DISMISSED with prejudice**.

In his § 2255 motion, Defendant claims that his trial counsel was ineffective for failing to disclose information to him and failing to read all of the information in his case to him. [*Doc. 4* at 5]. In addition, Defendant contends that his counsel failed to read paperwork to him, cancelled a court date without telling him, failed to send documents to him, was not prepared at his sentencing hearing, and failed to answer when Defendant contacted her. [*Doc. 1* at 6-9]. For relief, Defendant states that he is challenging the sentence imposed by the Court. [*Doc. 4* at 13].

The Court finds that an evidentiary hearing is unnecessary because Defendant's motion and the record of this case conclusively show that Defendant is entitled to no relief. The Court must hold an evidentiary hearing on a § 2255 motion "[u]nless the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief." 28 U.S.C. § 2255(b). Therefore, no evidentiary hearing will be held.

## Factual and Procedural Background

On November 15, 2013, an Information was filed charging Defendant with Reentry of a Removed Alien, in violation of 8 U.S.C. §§ 1326(a) and (b), an offense which occurred when Defendant was found in New Mexico on October 24, 2013. [*Doc. 10*, filed in Case No. CR-13-3724]. Also on November 15, 2013, Defendant entered into a Fast Track Plea Agreement, pursuant to which he pled guilty to the charge in the Information. [*Doc. 13*, filed in Case No. CR-13-3724, at 2]. In the plea agreement, Defendant agreed to waive any appeal or collateral attack to his conviction and the sentence imposed, except on the issue of ineffective assistance of counsel in negotiating or entering into the plea or waiver. *Id.* at 6-7. On April 1, 2014, the Court sentenced Defendant to 30 months of imprisonment, and recommended that

Immigration and Customs Enforcement begin removal proceedings during Defendant's service of the sentence. [*Doc. 30*, filed in Case No. CR-13-3724, at 1-2]. On April 25, 2014, Defendant filed his Petition for Writ of Habeas Corpus. [*Doc. 1*].

## **Discussion**

As stated above, Defendant claims that his trial counsel was ineffective for failing to disclose information to him and failing to read all of the information in his case to him. [*Doc. 4* at 5]. Specifically, Defendant contends that his counsel failed to read paperwork to him, cancelled a court date without telling him, failed to send documents to him, was not prepared at his sentencing hearing, and failed to answer when Defendant contacted her. [*Doc. 1* at 6-9]. For relief, Defendant states that he is challenging the sentence imposed by the Court. [*Doc. 4* at 13].

The Court finds that Defendant's claims have been waived to the extent Defendant is challenging his counsel's assistance in regard to his sentence or any other aspect of his case other than his counsel's assistance in negotiating or entering into the plea agreement or waiver. *See* [*Doc. 13*, filed in Case No. CR-13-3724, at 6-7] (Defendant's waiver of his right to collaterally attack his sentence on any issue other than counsel's ineffective assistance in negotiating or entering into the plea agreement or waiver). The Tenth Circuit has explained that such waivers are "generally enforceable where the waiver is expressly stated in the plea agreement and where both the plea and the waiver were knowingly and voluntarily made." *See United States v. Cockerham*, 237 F.3d 1179, 1183 (10th Cir. 2001). While Defendant contends that his counsel did not read all of the information in his case to him (*see Doc. 4* at 5, and *Doc. 1* at 6), the plea agreement states that it has been read to Defendant in the language he understands best, that Defendant understands the terms of the agreement and voluntarily agrees to those terms, and that Defendant's attorney advised him of his rights, of possible defenses, of the sentencing factors set

forth in 18 U.S.C. § 3553(a), of the relevant sentencing guidelines provisions, and of the consequences of entering into the agreement. [*Doc. 13*, filed in Case No. CR-13-3724, at 8]. In addition, at his plea hearing, the Court asked Defendant if he had been given a copy of the Information and if it had been read to him in Spanish, if Defendant had enough time to discuss the charges against him with his attorney, and if he was satisfied with the representation of his attorney, and Defendant answered "Yes" to each question. [*Doc. 41*, filed in Case No. 13-CR-3724, at 4]. The Court also asked Defendant if the plea agreement was read to Defendant in Spanish, if Defendant reviewed the plea agreement with his counsel before he signed it, and if he understood the terms of the plea agreement, and Defendant answered "Yes" to each question. *Id.* at 5. The judge then asked if Defendant had been coerced or threatened into pleading guilty, to which Defendant answered, "No." *Id.* While Defendant states that he was nervous and confused at his plea hearing (*see Doc. 1* at 8), the Court went through the plea agreement and possible penalties Defendant faced at sentencing, and Defendant stated that he understood the terms of the plea agreement. *Id.* at 5-7. "Solemn declarations in open court carry a strong presumption of verity. The subsequent presentation of conclusory allegations unsupported by specifics is subject to summary dismissal, as are contentions that in the face of the record are wholly incredible." *Blackledge v. Allison*, 431 U.S. 63, 74 (1977) (citations omitted). The "truth and accuracy" of a defendant's statements during the plea hearing "should be regarded as conclusive in the absence of a believable, valid reason justifying a departure from the apparent truth of his Rule 11 statements." *Hedman v. United States*, 527 F.2d 20, 22 (10th Cir. 1975). The Court, therefore, finds that Defendant knowingly and voluntarily waived his right to collaterally attack his conviction and sentence except on the basis of ineffective assistance of counsel in negotiating or entering into the plea agreement or waiver. In addition, the Court finds

that the other exceptions to the waiver rule are not at issue here. *See Cockerham*, 237 F.3d at 1182 (explaining that other exceptions include circumstances where the agreement was involuntary or unknowing, where the court relies on an impermissible factor such as race, where the agreement is otherwise unlawful, or where a sentence exceeds the statutory maximum).

Defendant's claims do not appear to challenge the validity of the plea agreement and, thus, have been waived. *See Cockerham*, 237 F.3d at 1187 (explaining that only ineffective assistance of counsel claims which challenge the validity of the plea or the waiver may proceed when there has been a valid waiver of collateral challenges in the plea agreement). To the extent Defendant is attempting to challenge the validity of the plea agreement based on his claim of ineffective assistance of counsel, Defendant fails to show that, but for his counsel's alleged ineffectiveness, there is a reasonable probability that Defendant would not have pleaded guilty and would have proceeded to trial. *See United States v. Moya*, 676 F.3d 1211, 1213 (10th Cir. 2012) ("[W]hen a defendant who has pleaded guilty brings an ineffective-assistance claim, he must show that there is a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial.") (citation and internal quotation marks omitted). Defendant does not allege that he would not have pleaded guilty absent his attorney's alleged ineffectiveness. For these reasons, the Court recommends that Defendant's claims be denied.

## Conclusion

**IT IS HEREBY RECOMMENDED,** for the reasons stated above, that the claims raised in Defendant's § 2255 motion [*Docs. 1* and *4*] be **DENIED**; and Case No. CIV-14-0405 be **DISMISSED with prejudice**.

*Lourdes A. Martínez*
**LOURDES A. MARTÍNEZ**
**UNITED STATES MAGISTRATE JUDGE**